NUMBER 13-02-613-CR & 13-02-614-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI







BENNIE DOUGLAS BOLDEN , Appellant,



v.




THE STATE OF TEXAS , Appellee.




On appeal from the 329th District Court

of Wharton County, Texas.



 

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza

Opinion Per Curiam





 In two separate causes, appellant, Bennie D. Bolden, was convicted by a jury of driving while intoxicated and aggravated
assault with a deadly weapon, and was sentenced to ten years of incarceration in the Texas Department of Criminal
Justice-Institutional Division. Appellant was sentenced in both causes on March 29, 2000. Appellant did not file a motion
for new trial in either cause. Appellant filed notices of appeal in both causes on November 1, 2002, more than two years
after the relevant date of sentencing for the convictions.

 By letter dated November 1, 2002, this Court notified appellant of the apparent untimeliness of the notices of appeal and
informed appellant that we would dismiss the appeals unless we received a response showing grounds for continuing the
appeals. Tex. R. App. P. 44.3. Appellant's response failed to correct the defect.

 A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a
motion for new trial. See Tex. R. App. P. 26.2(a)(1). A timely and proper notice of appeal is necessary to invoke our
jurisdiction. Tex. R. App. P. 26.2(a). If an appeal is not timely perfected, this Court is without jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998). 

 In the instant case, appellant's notices of appeal were filed more than two years after sentence was imposed. The notices
were untimely, and thus, we are without jurisdiction to entertain these purported appeals. 

 In his response to the Court's notice, appellant requested that we abate the appeals and remand the matters to the trial court
for appointment of counsel. We are without jurisdiction to do so and deny appellant's motion accordingly. However, we
note that appellant may have the option of filing post-conviction writs of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of these untimely appeals. Tex. Code Crim. Proc. Ann. art 11.07 (Vernon Supp. 2003). 

 The purported appeals are dismissed for want of jurisdiction. 

 

PER CURIAM

Do not publish.

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 27th day of March, 2003.